UNITED STATES ex rel. SCHLIMM v. HOWE, Com'r of Immigration.

(District Court, S. D. New York. March 29, 1915.)

ALIENS ⬅53—DEPORTATION—DETENTION—DELAY IN RETURNING TO FOREIGN COUNTRY.

In the absence of any regular passenger ocean service to German ports, the detention of an alien, liable to deportation, and held under a warrant for his removal to Germany, until an opportunity to return him to Germany presents itself, is not illegal, and he cannot be discharged on habeas corpus.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. ⬅53.]

Application for writ of habeas corpus.

Charles A. Oberwager, of New York City, for relator.

Harold A. Content, Asst. U. S. Atty., of New York City, for respondent.

LACOMBE, Circuit Judge. This is an application for habeas corpus to inquire into the legality of the detention of relator by the immigration authorities. There is no dispute as to the facts. Upon investigation duly initiated and conducted, it was determined that relator, an alien, had since his entry into this country "assisted" a prostitute, within the meaning of section 3 of Act Feb. 20, 1907, c. 1134, 34 Stat. 899, as amended by Act of March 26, 1910, c. 128, § 2, 36 Stat. 263. He is therefore liable to deportation, and is now held under a warrant for his removal to Germany, from which country he came here.

At the present time there is no regular passenger ocean service to German ports, so the authorities are unable to forward him, and are holding him until some opportunity of returning him to Germany may present itself. His continual detention is unfortunate, but certainly is not illegal. His present condition can be alleviated only by the action of the executive branch of the government. A federal court would not be justified in discharging him.

The application for habeas corpus is denied.